[No. 3137.]

GRANVILLE HARWOOD *v.* THE STATE.

1. PRACTICE IN THE COURT OF APPEALS.—A conviction cannot stand in this court when the transcript fails to bring up an indictment or information.

2. SUBSTITUTION OF LOST INDICTMENT.—Where an indictment has been accidentally destroyed after trial and conviction, it may be supplied either by a second indictment or by substitution in the mode provided by law.

APPEAL from the County Court of Johnson. Tried below before the Hon. D. T. Bledsoe, Special County Judge.

The conviction in this case was for aggravated assault and battery, and the penalty imposed was a fine of four hundred dollars and confinement in the county jail for the period of twelve months.

The Reporters have received no brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. There being no indictment or information in the record in this case, there is no legal foundation for the judgment of conviction, and it cannot, therefore, be permitted to stand. It appears that, after the conviction was had, the indictment was destroyed accidentally. It may yet be supplied, either by a second indictment by the grand jury, or by substitution in the mode provided by law. (*Turner* v. *The State, ante,* p. 378; *Schultz* v. *The State,* 15 Texas Ct. App., 258.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 11, 1884.